**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| ANYANSO J. AGWU, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil No.   09-00831-CV-W-FJG-P<br>Crim. No.   06-00395-01-CR-W-FJG |

## <u>ORDER</u>

Currently pending before the Court is movant's Motion for Reconsideration Pursuant to Fed.R.Civ.P. 59(e) to Reopen Judgment Denying Petitioner's 28 U.S.C. § 2255 Petition (Doc. # 12) and Movant's Motion for An Evidentiary Hearing (Doc. # 16).

### I. BACKGROUND

On November 14, 2006, an indictment was returned in the Western District of Missouri charging Agwu with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). On March 5, 2007, Agwu appeared before the Court and entered a conditional plea of guilty in which he reserved the right to challenge his classification under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) which increased the statutory mandatory minimum sentence.

The Probation office prepared a presentence investigation report which determined that Agwu was an armed career criminal because he possessed three prior convictions for the sale of a controlled substance in Jackson County, Missouri. Prior to the sentencing, Agwu's counsel objected to the ACCA designation, arguing that the

three separate convictions should be counted as a single criminal episode.  The Probation office responded that the rules of qualifying for the enhancements under 18 U.S.C. § 924(e) are different than the rules relating to calculation of criminal history under the Guidelines. On July 20, 2007, Agwu appeared for sentencing.  Defense counsel repeated his arguments that the three convictions should be counted as a single related conviction, relying upon Application Note 3 and § 4B1.2.  The Court determined that the caselaw mandated overruling the defendant's objections and sentenced Agwu to 188 months imprisonment.

Agwu appealed his designation as an armed career criminal to the Eighth Circuit. However, the Eighth Circuit found that "[t]he critical sentencing issue under § 924(e) is whether Agwu's prior offenses were committed on different occasions. . . . Since Agwu's offenses were each committed on a different day, the district court did not err in applying U.S.S.G. § 4B1.4 in sentencing him under the Armed Career Criminal Act." U.S. v. Agwu, 271 Fed.Appx. 546 (8th Cir.), cert. denied, 129 S.Ct. 156, 172 L.Ed.2d 115, 77 U.S.L.W. 3201 (2008).  On October 7, 2009, Agwu filed a  motion seeking to set aside or correct his sentence.  Agwu raised three points in his 28 U.S.C. § 2255 motion: 1) Denial of Effective Assistance of Counsel During Sentencing Proceeding; 2) Denial of Effective Assistance of Counsel on Direct Appeal and 3) Whether Agwu's Prior Drug Convictions May Not Be Considered Serious Drug Offenses for the Purpose of Triggering § 924(e).  On December 21, 2010, the Court denied Agwu's § 2255 Motion to Set Aside or Correct His Sentence.  On January 24, 2011, Agwu filed the instant Motion for Reconsideration.

## II. STANDARD

Agwu filed his Motion for Reconsideration pursuant to Fed.R.Civ.P. 59(e). Fed.R.Civ.P. 59(e) states:

> A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

In <u>Coleman v. City of Pagedale</u>, No. 4:06CV01376ERW, 2008 WL 269000 (E.D.Mo. Jan. 30, 2008), the Court stated, "the Eighth Circuit has held that any motion questioning the correctness of a judgment is functionally a Fed.R.Civ.P. 59(e) motion, regardless of how the motion is styled." <u>Id</u>. at *1 (internal citations and quotations omitted). In <u>Black v. United States</u>, No. 4:07CV388 HEA, 2007 WL 3312472 (E.D.Mo. Nov. 5, 2007), the Court stated:

> The Eighth Circuit has explained that Rule 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. . . .Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. . . .Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. . . . Rule 59(e) motions are not proper vehicles for raising new arguments or legal theories. . . .Rule 59(e) motions served the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.

<u>Id</u>. at *1 (internal citations and quotations omitted).

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993)).

### III. DISCUSSION

In his Motion for Reconsideration, Agwu argues that his prior drug offenses which were used to trigger the penalty enhancement provision of 18 U.S.C. § 924(e) do not meet the statutory requirement because: 1) this Court agreed that Agwu only received a sentence of 57 months for each of his prior predicate drug convictions and 2) the only documentation that the Court relied upon for the purpose of showing his conviction for these offenses was a prior plea agreement. Agwu argues that because the plea agreement and the colloquy proceedings from his state court sentencing are in conflict regarding the type of charges, an evidentiary hearing is required.

The Government argues in response that Agwu is attempting to file a successive § 2255 motion and that he has not sought or received approval from the Eighth Circuit Court of Appeals and the motion should be denied on this basis alone. The Government also argues that Agwu's claim that his prior offenses were not "serious drug offenses" is contradicted by the law because the statute is not triggered by the sentence which was actually imposed, rather it is triggered by what the maximum sentence is for that offense.

4

The Armed Career Criminal Act reads in part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, nothwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> (2) As stated in this subsection -
>   (A) the term "serious drug offense" means -
>     . . .
>       (ii) An offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance, (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a *maximum* term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(1) & (2)((A)(ii)(emphasis added).

The Government argues that even though Agwu was sentenced to 5 years on each of the three offenses, the maximum term of imprisonment under Mo.Rev.Stat. § 558.011.1(2) is 15 years, so the offenses qualify as serious drug offenses.

Finally, the Government argues that the Court did not rely on faulty charging papers, but instead relied on an actual signed and dated copy of the judgment from the Circuit Court of Jackson County, Missouri which shows that Agwu was found guilty of three counts of the Sale of a Controlled Substance and that he was sentenced to five years imprisonment on each count.

As stated above, the function of a Fed.R.Civ.P. 59(e) motion is to "correct manifest errors of law or fact or to present newly discovered evidence." In this case, Agwu argues that he only received a sentence of 57 months so he could not have been

5

sentenced under Mo.Rev.Stat. §558.011.1(2) because he did not receive the mandatory minimum sentence. Thus, he argues the ACCA enhancement should not apply to him. He also argues that the only documentation that the Court relied on was a plea agreement. However, Agwu is incorrect on both accounts.

Agwu repeatedly argues that the Mo.Rev.Stat. §558.011.1(2) carries a statutory mandatory minimum of five years and a maximum range of 15 years. He argues that since he only received a sentence of 57 months for each of his state convictions, that he was not sentenced under this statute and thus his state drug convictions are not "serious drug offenses" that would trigger the penalty provisions of § 924(e). However, the Certified Copy of Agwu's Judgment in Jackson County Circuit Court for Case CR00-05086 states: "defendant is sentenced and committed to the Missouri Division of Adult Institutions for imprisonment for a period of five (5) years in each count. Said sentences shall run concurrently with each other." On May 4, 2001, the day that Agwu was sentenced, the Court suspended the imposition of his sentence and Agwu was placed on probation for three years. However, according to the Presentence Investigation Report:

> He received his first violation report on July 27, 2001, following an arrest for outstanding warrants. Additionally, he sustained a positive urinalysis test for marijuana and failed to report to his probation officer as instructed. Agwu received a second violation report on September 6, 2001, following a new felony arrest on June 21, 2001, for trafficking in the second degree in Jackson County, Missouri, Case No. CR01-05673. The defendant was also convicted of possession of marijuana on August 15, 2001, and August 28, 2001, on outstanding Kansas City, Missouri, municipal court warrants in Case Nos. 1G155914 and 1G222951 and placed in custody at the Municipal Corrections Institute. Agwu's probation was ultimately revoked on March 27, 2002, and his original sentence was imposed to run concurrently with Case No. CR01-05673.

6

Presentence Investigation Report, May 29, 2007, p. 8.

Thus, despite Agwu's arguments to the contrary, he was sentenced pursuant to Mo.Rev. Stat. §558.011.1(2) and ultimately a sentence of five years or 60 months on Counts 1, 2 and 3 was imposed. Agwu argues that this Court admitted in the December 21, 2010 Order denying his §2255 motion that he only received a sentence of 57 months. There is some confusion on this issue. In the Traverse that Agwu filed on January 19, 2010, he cites to a provision of the Presentence Investigation Report which indicates that on May 4, 2001 he pled guilty and was sentenced to 57 months. Agwu indicates that this reference comes from page 7 of the Presentence Investigation Report. However, the Presentence Investigation Report actually indicates that May 4, 2001, Agwu received five years custody on each count to run concurrently. His sentence was suspended and he was placed on probation for three years. The report states that on March 27, 2002, his probation was revoked and the original sentence was imposed.

However, even if Agwu served 57 months instead of 60 months, the amount of time served is not the controlling factor. Rather, the key factor is what the "maximum term of imprisonment" is for the statute under which the defendant is sentenced. Mo.Rev.Stat. § 558.011 states that for a Class B Felony, the authorized term of imprisonment is: "a term of years not less than five years and not to exceed fifteen years." The Certified Copy of the Judgment entered in Case No. CR00-05086 indicates that Agwu pled guilty to three counts of the sale of a controlled substance, which were all Class B Felonies. Thus, because the *maximum term* of imprisonment proscribed by the statute was fifteen years, all three of these counts qualify as serious drug offenses.

In <u>United States v. Keith</u>, 638 F.3d 851 (8th Cir. 2011), the defendant argued that a domestic assault conviction was not a predicate violent felony because he had only served probation. However, the Court stated, "To the contrary: 'As the word 'punishable' makes clear, the focus of the [ACCA] definition is on the prison sentence that *may* be imposed under state law, 'regardless of the actual sentence imposed.' <u>United States v. Clinkscale</u>, 559 F.3d 815, 817 (8th Cir.2009), quoting U.S.S.G. § 4B1.2 comment (n.1)." <u>Id</u>. at 852-853. Similarly, in <u>McNeill v. United States</u>, 131 S.Ct. 2218, 180 L.Ed.2d 35, 79 U.S.L.W. 4419 (June 6, 2011), the Court stated:

> We conclude that a federal sentencing court must determine whether 'an offense under State law' is a 'serious drug offense' by consulting the 'maximum term of imprisonment' applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense. § 924(e)(2)(A)(ii).

<u>Id</u>. at 2224.

Thus, because it is clear that the maximum term of imprisonment for the felonies which Agwu pled guilty to was fifteen years, these felonies fit the definition of "serious drug offenses" and the Court was correct in applying the ACCA sentencing enhancement. Also, contrary to Agwu's second argument, the Court did not rely on a prior plea agreement concerning these prior convictions to support its decision. Rather, the Court relied on a certified copy of the May 4, 2001 Guilty Plea/Judgment entered in Agwu's Jackson County criminal case.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Agwu's Motion for Reconsideration Pursuant to Fed.R.Civ.P. 59(e) to Reopen Judgment Denying Petitioner's 28 U.S.C. § 2255 Petition (Doc. # 12) and **DENIES** Movant's Motion for An Evidentiary Hearing (Doc. # 16).

Date: August 22, 2011　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge